Matthew C. Mickelson (State Bar No. 203867)
LAW OFFICES OF MATTHEW C. MICKELSON
16055 Ventura Blvd., Ste. 1230
Encino, CA 91436
Tel.: 818-382-3360
Fax: 818-382-3364
E-mail: mattmickelson@bizla.rr.com

Attorneys for DH HOLDINGS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DH HOLDINGS, LLC, and Illinois Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>MERIDIAN LINK, INC., a Foreign Corporation d/b/a/ INSIGHT LENDING SOLUTIONS, and BEANSTALK NETWORKS, LLC., a Foreign Limited Liability Company,<br><br>Defendants. | Case No: 2:09-CV-09117-ABC<br><br>**PLAINTIFF DH HOLDINGS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO VACATE JUDGMENT; DECLARATION OF EDWARD G. ZAKNOUN IN SUPPORT THEREOF; DECLARATION OF EDWARD J. ZAKNOUN IN SUPPORT THEREOF**<br><br>DATE: April 12, 2010<br>TIME: 10 a.m.<br>CTRM: 680, Hon. Audrey B. Collins<br>Roybal Federal Building<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

# Contents

I.   INTRODUCTION.................................................................................................5

II. STATEMENT OF FACTS/PROCEDURAL HISTORY ...................................6

III. ARGUMENT ......................................................................................................8

     A.     Defendant Bears the Burden of Proof on this Motion ..........................9

     B.     Service of Process Was Sufficient Under FRCP 4 and Therefore

          the   Judgment Is Not Void ..........................................................................10

IV. CONCLUSION..................................................................................................19

OPPOSITION TO MOTION TO VACATE JUDGMENT

<u>Cases</u>

*Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401, (7th Cir. 1986)..............................9

*Chairez v. U.S.*, 355 F.3d 1099 (7th Cir. 2004) ..................................................16

*Chan v. Society Expeditions, Inc.,* 39 F.3d 1398, 1404 (9th Cir.1994)

    (same) ..............................................................................11

*Churchill v. Barach*, 863 F.Supp. 1266, 1271-73 (D. Nev. 1994) ...............................17

*Conrad v. Conrad* (1946), 329 Ill.App. 33, 37, 66 N.E.2d 738...............................19

*Cory v. Crocker National Bank* (1981) 123 Cal.App.3d 665, 669 .........................19

*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.* ...........................11

*Fienhold v. Babcock* (1916), 275 Ill. 282, 289-290, 113 N.E. 962 ................................19

*Hartford Fire Ins. Co. v. Perinovic*, 152 F.R.D. 128, 131-132 ..................................11, 14

*Henderson v. United States*, 517 U.S. 654, 672, 116 S.Ct. 1638, 1648

    (1996) ................................................................................10

*Hess v. Pawloski*, 274 U.S. 352, 356, 47 S.Ct. 632, 633-34 (1927)...............................16

*Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955).............................................9

*In re Marriage of Wilson*, 150 Ill.App.3d 885, 887, 502 N.E.2d 447, 448

    (2d Dist. 1986)....................................................................19

*In re Marriage of Wilson*, 150 Ill.App.3d 885, 888, 502 N.E.2d 447, 448

    (2d Dist. 1986)....................................................................19

*Kitchens v. Bryan County National Bank*, 825 F.2d 248 (10th Cir. 1987).......................16

*Mason v. Genisco Technology Corp.*, 960 F.2d 849 (9th Cir. 1992)...............................17

*Miles v. WTMX Radio Network*, 2002 WL 1359398 (N.D. Ill. 2002)............................15

*MJS Enterprises, Inc. v. Superior Court* (1984) 153 Cal.App.3d 555 ...........................19

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct.

    652, 657 (1950) ....................................................................10

*Nowell v. Nowell*, 384 F.2d 951, 953 ........................................................11, 14

*Olberding v. Illinois Central R. Co.*, 346 U.S. 338, 340, 74 S.Ct. 83, 85

    (1953) ................................................................................16

OPPOSITION TO MOTION TO VACATE JUDGMENT

*Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill.App.3d 706, 712, 304
N.E.2d 733 ...................................................................................................19

*Rohm & Haas Co. v. Aries*, 103 F.R.D. 541, 544 (S.D. N.Y. 1984) ....................9

*Schubert's Marine Sales and Service, Inc. v. M/V Reeter II*, 724 F.Supp.
1229 (N.D. Ill. 1989) ......................................................................................9

*Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*,
428 F.Supp. 1237 .........................................................................................13

*Trustees of the Southern California IBEW-NECA Pension Plan v. Sabco
Electrique, Inc.*, 2008 WL 4297223, *3-4 (C.D. Cal. Sept. 15, 2008).........13

*Union Asbestos & Rubber Co. v. Evans Prods. Co.*, 328 F.2d 949, 952-53
(7th Cir. 1964) ...........................................................................................13

*United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d
1371, 1382 (9th Cir. 1984) .........................................................................11

Statutes

735 ILCS 5/2-209(c) ............................................................................................19

**Cal. Code C. P.** § 410.10 .................................................................................19

**Cal. Code C.P.** § 416.10 ...........................................................................5, 11

Rules

FRCP 4 ...........................................................................................................passim

Treatises

**4A** WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, § 1074 (3d ed.
& Supp. 2009) .......................................................................................11, 16

# I.   INTRODUCTION

Defendant, MeridianLink, Inc. (herein "MLI") has moved this Court to vacate the judgment Plaintiff DH Holdings, LLC (herein "DHH") secured on May 8, 2009, in *DH Holdings, LLC v. Meridian Link, Inc., et al.*, No. 1:08-cv-05127 in the United States District Court for the Northern District of Illinois, Eastern Division, (herein "the Illinois Action" and "the Illinois Judgment") on the sole ground that MLI was *improperly* served.[1]   MLI does not contend that it did not receive notice of: (1) the filing of the lawsuit; (2) DHH's motion for default judgment on the issue of liability; (3) the Court's hearing on the issue of damages; (4) Plaintiff's expert report on damages; and (5) the issuance of final judgment.   In fact, MLI received notice of all these events.   Further, in facsimile correspondence to counsel for DHH, Binh Dang, the Chief Executive Officer *acknowledged receipt of the issuance of final judgment*. Mr. Dang simply chose to ignore the lawsuit entirely, right up until the assets of MLI were frozen.   Only now does a court order matter to Mr. Dang.   Such complete and total disregard for such notices, and more importantly, orders of a federal court should not be rewarded.   As such, MLI's Motion should be denied.

---

[1]     MLI contends that Plaintiff misled or defrauded the court in the Illinois Action by submitting a Return of Service of Summons showing service by certified mail on MLI's registered agent, Binh Dang.  Plaintiff acknowledges that Binh Dang was mistakenly identified as the registered agent and that Timothy Nguyen is the registered agent for MLI. However, as the Chief Executive Officer of the corporation, (Dang Declaration ¶ 1), Dang was a proper person to serve.  **Cal. Code C.P.** § 416.10.  Even though the return receipt was signed for by MLI's receptionist, Adriana Hurtado, rather than by Dang, delivery to Dang was confirmed.  Moreover, the Return of Service filed shows delivery by certified mail and attached the return receipt signed by Ms. Hurtado.  Thus, Plaintiff was not intending to

5

## II.   STATEMENT OF FACTS/PROCEDURAL HISTORY

DHH filed a complaint for patent infringement against MLI in the United States District Court for the Northern District of Illinois, Eastern Division, on September 8, 2008. (Declaration of Edward G. Zaknoen, ¶ 3, Exhibit B at 000007, ¶ 1 "This is a claim for patent infringement filed on September 8, 2008."). Thereafter, DHH sought service on MLI by serving Binh Dang, the CEO of MLI by certified mail, return receipt requested. The envelope containing the summons and complaint was delivered by certified mail, addressed to MLI, c/o Binh Dang, to MLI's corporate office located at 1124 Bristol Street, Costa Mesa, California 92626. (Declaration of Edward G. Zaknoen ¶2, Exhibit A). The return receipt was signed for by Ms. Adriana Hurtado, the receptionist for MLI. (*Id.*). Prior to filing the Return of Service of Summons, DHH's counsel called MLI to determine who Ms. Hurtado was and to confirm delivery of the complaint and summons. (*Id.*). During the telephone conversation, Ms. Hurtado stated that she was the receptionist and acknowledged that she was responsible for receiving the mail and other deliveries on behalf of MLI. (*Id.*). She further confirmed that she signed for the certified mailing and that it had been delivered to Mr. Dang. (*Id.*) Counsel for DHH left a voice mail message that same day for Dang, inquiring whether MLI was intending to have counsel appear for it in the Illinois Action. (*Id.*). Mr. Dang never returned that call. (*Id.*). Plaintiff filed the Return of Service of Summons on October 31, 2008, and mailed a copy of the

mislead or defraud the court in the Illinois Action. If service by certified mail was improper,

OPPOSITION TO MOTION TO VACATE JUDGMENT

1 | same to MLI, addressed to Mr. Dang.  (Declaration of Joseph J. Zaknoen, ¶ 2, Exhibit
2 | A).
3 |
4 |        MLI subsequently received notice – in some instances by mail *and* by facsimile
5 | also – of further proceedings in the case.  For example, On January 20, 2009, counsel
6 | provided notice of Plaintiff's Motion for Default Judgment on Liability and the Notice
7 | thereof by mail to MLI's corporate office in Costa Mesa addressed to Binh Dang and
8 | also sent the same by facsimile to the number listed on MLI's website
9 |
10 | (www.meridianlink.com).  (Declaration of Edward G. Zaknoen ¶5, Exhibit C).  On
11 | April 24, 2009, counsel mailed the notification of the docket entry showing that
12 |
13 | default had been granted on the issue of liability and setting the matter for a prove-up
14 |
15 | hearing on damages and attempted to send the same by facsimile as well.  (*Id.* ¶ 7,
16 | Exhibit D).  On April 30, 2009, counsel sent by both regular mail and UPS overnight
17 |
18 | delivery Plaintiff's expert report on damages.  (*Id.* ¶ 8, Exhibit E).  On May 12, 2009,
19 | counsel sent MLI a signed copy of the judgment that had been entered on May 8,
20 | 2009. (*Id.* ¶ 9, Exhibit F).  On May 21, 2009, counsel sent MLI a copy of the filed
21 |
22 | judgment.  (*Id.* ¶ 10, Exhibit G).
23 |        MLI ignored each and every one of these notices, until, finally, on June 8, 2009
24 | Dang sent correspondence to DHH's counsel by facsimile in which he acknowledged
25 | receiving a copy of the judgment and stating his understanding that it was "not good"
26 |
27 | until registered in California.  (*Id.* ¶ 11, Exhibit H).  Dang did not indicate in that
28 |

it was the result of an honest mistake on Plaintiff's part, not any intent to mislead or defraud.

correspondence that he had no notice of the lawsuit or that he did not receive a copy of the summons and complaint, or of any of the other filings in the case; nor did he communicate in any way with the Court.  (*Id.*)   In August 2009, Dang and MLI's registered agent Timothy Nguyen returned to DHH's counsel correspondence that had been sent in May, unopened, marked "Refused.  Return to Sender."   (Declaration of Edward G. Zaknoen ¶ 12-13, Exhibits I-J).

DHH registered the judgment with this Court on November 20, 2009 and began enforcement proceedings.  MLI filed the instant motion to vacate on March 15, 2010 nearly a year after the judgment was entered, well after receiving the complaint and summons by certified mail and *only* after Plaintiff obtained a bank garnishment on MLI.

### III.   ARGUMENT

MLI bears the burden of proof on this motion.  It is well settled that FRCP 4 is to be construed broadly.  Based on the facts and cases interpreting Rule 4, service is satisfied where a defendant receives actual notice of the lawsuit, as MLI and Dang did here. Illinois courts and California courts similarly construe the rules for service of process broadly when the defendant receives actual notice.  MLI does not dispute in its motion that it received actual notice of the suit, including receipt of the summons and complaint.

## A. Defendant Bears the Burden of Proof on this Motion

In *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401, (7th Cir. 1986) the Seventh Circuit held that when a defendant has notice of the proceedings and chooses to let the case go to a default judgment – as MLI did here – the defendant must shoulder the burden of proof on a Rule 60(b)(4) motion to vacate the judgment for lack of personal jurisdiction or lack of service of process. Similarly, in *Schubert's Marine Sales and Service, Inc. v. M/V Reeter II*, 724 F.Supp. 1229 (N.D. Ill. 1989), the plaintiff obtained a default judgment against defendant in the Eastern District of Louisiana and registered the judgment in the Northern District of Illinois. *Id.* at 1229-30. The defendant then moved to set aside the default under Rule 60(b)(4) asserting that he never received service of process. *Id.* at 1230. The court held that the defendant bore the burden of proof on the motion as it was likely that he knew of the suit against him even if he did not receive proper service. *Id.* at 1231. *See also Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955) (holding that burden of proof rests on defendant on a Rule 60(b)(4) motion asserting improper service); *Rohm & Haas Co. v. Aries*, 103 F.R.D. 541, 544 (S.D. N.Y. 1984) (when defendant has notice of the original proceedings, it bears the burden of proof on a Rule 60(b)(4) motion). It cannot seriously be contended by Defendant here that it had no notice of the proceedings. Therefore, MLI bears the burden of proof on this motion and has failed to meet it, as shown below.

9

OPPOSITION TO MOTION TO VACATE JUDGMENT

## B.   Service of Process Was Sufficient Under FRCP 4 and Therefore the Judgment Is Not Void

When a defendant has received actual notice, federal courts generally do not require strict compliance with all the formal requirements of Rule 4. This rule should apply with even more force in a case such as this where Defendant has received not only notice of the lawsuit but notice of further proceedings and chooses simply to ignore the proceedings and attempts to avoid further notice by refusing regular mail delivered to the corporate office.  Further, Defendant received not only notice of the lawsuit but, actually received the summons and complaint – a fact not disputed by MLI's motion or the Declarations of its corporate officers.  Thus, service of process was sufficient in this case for the exercise of jurisdiction.[2]

The primary purpose of Rule 4 is to provide a defendant notice of the lawsuit. *Henderson v. United States*, 517 U.S. 654, 672, 116 S.Ct. 1638, 1648 (1996) ("The core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections."); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657 (1950) (to qualify as adequate, notice generally must "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

---

[2]   At a minimum, Plaintiff should be allowed limited discovery, if necessary, to establish the delivery of the summons and complaint.

OPPOSITION TO MOTION TO VACATE JUDGMENT

Federal courts long have recognized that Rule 4 is flexible and should be liberally construed when a party receives sufficient notice of the complaint. *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."); *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685 (9th Cir. 1988) (same); *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir.1994) (same); *Nowell v. Nowell*, 384 F.2d 951, 953 (5th Cir. 1967) ("The appropriate construction of Rule 4(d)(1) varies according to whether the defendant received notice of the suit. 4(d)(1) should be broadly construed, where the defendant, as in this case, received notice of the suit."); *Hartford Fire Ins. Co. v. Perinovic*, 152 F.R.D. 128, 131-132, & note 10, (N.D. Ill. 1993) (discussing *Nowell* approvingly); **4A** WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, § 1074 (3d ed. & Supp. 2009) (noting the shift away from requiring formal compliance with Rule 4 when a defendant receives actual notice).

As a preliminary matter, it is immaterial that the summons mistakenly identified Binh Dang as the registered agent. As the CEO of MLI, there is no question that he is a proper person to be served. **Cal. Code C.P.** § 416.10 (identifying officers who may be served as including registered agent, president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.).

Defendant argues that service on MLI was insufficient because the certified mail was signed for by MLI's receptionist, Ms. Hurtado, who MLI contends is not authorized to receive service of process on behalf of MLI.  Mr. Dang's Declaration, though brief, is carefully crafted to state only that he never received "a delivery" of the summons and complaint.  Nowhere does he deny actually receiving the summons and complaint, nor does he or MLI offer any explanation as to what supposedly happened to the certified mail after Hurtado signed for it.  Neither does he, Nguyen, or MLI deny receiving and having actual notice that the lawsuit was pending.  Dang's Declaration then states that "MeridianLink eventually received a mailed copy of the judgment in the Illinois action."  (Dang Declaration ¶ 5).  Dang conveniently omits from his Declaration all the other notices Plaintiff sent to MLI, addressed to him, and neglects to inform this Court that he and MLI's registered agent, Timothy Nguyen, began refusing delivery from DHH's counsel even though such mail was properly addressed.  Rather, he attempts to paint a portrait of MLI as having received no notice other than "eventually receiv[ing] a mailed copy of the judgment" after Ms. Hurtado received the complaint and summons by certified mail.  When Dang's Declaration is contrasted against the fuller factual record set forth in the Declarations of DHH's counsel, it is obvious that Dang is trying to mislead the Court and he should not be given credence.

A number of cases have held that service was proper even though the summons and complaint were delivered to a receptionist or secretary instead of to the specific

officer named.  In *Direct Mail*, *supra*, the Ninth Circuit held that service of process on the receptionist in a shared office was sufficient.  840 F.2d 685, 688 (9th Cir. 1988). The Court held that service does not need to be only on officially designated officers: "Despite the language of the Rule, service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process.  The rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice.  Thus, the service can be made 'upon a representative so integrated with the organization that he will know what to do with the papers.'"  *Id.*

Similarly, in *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F.Supp. 1237, 1250-51 (S.D.N.Y. 1977) the court held that delivery to the corporate officer's secretary was sufficient to satisfy Rule 4, noting also that actual receipt of the process by the correct person is a factor in determining whether service of process is valid.  In *Union Asbestos & Rubber Co. v. Evans Prods. Co.*, 328 F.2d 949, 952-53 (7th Cir. 1964) the Seventh Circuit held that service on a secretary was valid, noting that the defendant was out of the office 75-80% of the time and the fact that "the notice was immediately communicated to the defendant."  In *Trustees of the Southern California IBEW-NECA Pension Plan v. Sabco Electrique, Inc.*, 2008 WL 4297223, *3-4 (C.D. Cal. Sept. 15, 2008) the court held that service on a receptionist was proper because she received and distributed mail and other factors indicated she

was integrated enough with the office "that she would know to whom to give the papers."[3]  *Id.*

In this case, Ms. Hurtado acknowledged that she is responsible for receiving the mail and deliveries on behalf of MLI.  (Declaration of Edward G. Zaknoen ¶ 2).  She further acknowledged signing for the certified mailing and stated that Mr. Dang "got it."  (*Id.* ¶ 2).  MLI does not dispute these facts and has not provided the Court with a Declaration from Ms. Hurtado.  There is no reason to believe, being responsible for receiving mail, deliveries, and signing for the certified mailing, that Hurtado did not know "what to do with the papers," and there is no evidence that she did not deliver them to the CEO, Mr. Dang, to whom they were addressed.  Hence, service on MLI was proper.  Further, as the courts in *Direct Mail*, *supra*, and *Top Form Mills*, *supra*, noted, the fact that the proper person actually received the summons and complaint is a factor in determining whether service was proper.  Here, there is no evidence that Mr. Dang did not receive the summons and complaint.  Further, it is undisputed that he had notice of the lawsuit as he acknowledged receiving a copy of the judgment from DHH's counsel.  As such, there simply is no good reason to grant MLI's last-ditch motion to vacate in a lawsuit that it has ignored for well over a year.

---

[3]      Courts have overlooked technical defects in other cases as well.  *Nowell v. Nowell*, 384 F.2d 951, 953 (5th Cir. 1967) (holding service proper on apartment complex manager under rule providing for service at defendant's place of abode); *Hartford Fire Ins. Co. v. Perinovic*, 152 F.R.D. 128, 131-132, & note 10, (N.D. Ill. 1993) (holding that service on doorman was sufficient under the provision of former Rule 4(d)(1), providing for service "by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion *then residing therein*" even though doorman did not live in building or in defendant's unit) (emphasis added).

Defendant argues that service by certified mail is not allowed under FRCP 4 in the first instance.[4]  FRCP 4 provides, in part, as follows:

**(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

**(1)** in a judicial district of the United States:

**(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or

**(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

FRCP 4(h)(1)(B) requires only "delivery."  It does not require that the summons and complaint be delivered "personally" as does FRCP 4(e)(2)(A) for serving an individual; nor does it use phrases such as "personal service," or "delivery in hand." There is no limitation on who may make the delivery other than Rule 4(c)(2)'s requirement that it be a person over 18 and not a party.  There is no question in this case that the summons and complaint were delivered to MLI's office, in the plain and

---

[4]     Defendant cites *Miles v. WTMX Radio Network*, 2002 WL 1359398 (N.D. Ill. 2002) for the proposition that certified mail does not constitute "delivery" under Rule 4.  However, in that case, there was no indication that plaintiff's mailing of the complaint and summons

ordinary meaning of the word.  In fact, once Hurtado received the envelope, MLI was in essentially the same position as the defendant in *Direct Mail* with respect to the formalities of service.  Moreover, there is no question that delivery by certified mail satisfies the constitutional due process requirement of providing adequate notice.[5] Thus, given that MLI received actual notice of the suit, including actual receipt of the summons and complaint by Mr. Dang, Plaintiff's service of MLI by certified mail, return receipt, is proper given Rule 4's broad and flexible construction.

In addition, Plaintiff substantially complied with the procedure set forth in FRCP 4(d) regarding waiver of service.  In *Kitchens v. Bryan County National Bank*, 825 F.2d 248 (10th Cir. 1987), the Court addressed a situation similar to that presented here.  In that case, service was attempted by certified mail, return receipt requested, addressed to Nancy Miller, the head cashier of the bank.  *Id.* at 254.  The certified mail return receipt was signed for instead by Billy Miller, the President of the bank. *Id.*  The Court held, nevertheless, that service was proper under FRCP 4:

> Assuming, arguendo, that process was ineffective under Oklahoma law, still there was no requirement that service be made in accordance with Oklahoma law. The Federal Rules of Civil Procedure allow several methods of affording notice to defendants, only one of which is dictated

---

was properly addressed to any of the officers of the corporation nor was there any evidence of who signed for the receipt.  *Id.* at 4-5.

[6] *Hess v. Pawloski*, 274 U.S. 352, 356, 47 S.Ct. 632, 633-34 (1927); *Olberding v. Illinois Central R. Co.*, 346 U.S. 338, 340, 74 S.Ct. 83, 85 (1953); *Chairez v. U.S.*, 355 F.3d 1099 (7th Cir. 2004); ); **4A WRIGHT & MILLER**, FEDERAL PRACTICE & PROCEDURE, § 1074 (3d ed. & Supp. 2009) ("Service by registered or certified mail should be regarded as equally efficacious from a constitutional perspective to invoke personal jurisdiction since the return receipt normally guarantees that the defendant or someone related or associated with him has received the process . . .").

16

by state law. We note that service of process in the instant case complied with the spirit, if not the letter of the Fed.R.Civ.P. Rule 4. There is no question that Billy Miller, the president of the Bank, was a proper person to be served pursuant to Rule 4(d)(3). And although it appears from the record that only a copy of the summons and complaint were mailed and that the "notice and acknowledgment" and return envelope prescribed by Rule 4(c)(2)(C)(ii) were omitted, "the federal courts generally take a permissive attitude towards the mechanism employed for service of process when defendant actually receives notice." Wright and Miller, 4 *Federal Practice and Procedure* § 1074 at 295; *Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967), *cert. denied,* 390 U.S. 956, 88 S.Ct. 1053, 19 L.Ed.2d 1150 (1968).

825 F.2d at 255-56 (footnote omitted).[6]

Thus, the Court held that even though the plaintiff had failed to include the notice and acknowledgement required by FRCP 4, service of process was still valid because the defendant actually received notice. In this case, MLI clearly had actual notice of the suit. Dang does not assert that he never received a copy of the complaint and summons. Rather, he is careful in his declaration to state that he never received

---

[6] The Ninth Circuit declined to apply *Kitchens* to a case where the notice and acknowledgement were included but not signed and returned by the defendant, *Mason v. Genisco Technology Corp.*, 960 F.2d 849 (9th Cir. 1992). However, this is not inconsistent with applying *Kitchens* in the instant case. The *Mason* court found it significant that the language of the acknowledgement form only apprised defendant that he may be liable for the costs of personal service, **not** that a default judgment could be entered against him. 960 F.2d at 852-53. Here, because the acknowledgement form was not included (as in *Kitchens*), the defendant was apprised that a default judgment could be entered against it and defendant still chose to ignore the complaint. *See Churchill v. Barach*, 863 F.Supp. 1266, 1271-73 (D. Nev. 1994) (finding *Mason* court's concern that the notice and acknowledgement only informed defendant that he could be liable for costs of service, not default judgment, not present and therefore not following *Mason*; also noting that *Mason* was decided prior to amendments to Rule 4 which undercut *Mason* court's reasoning).

17

"a *delivery* of" the summons and complaint.  (Dang Declaration ¶ 4).  His Declaration is devoid of any statement as to what supposedly happened to the summons and complaint once it was in Ms. Hurtado's hands.   MLI has failed to provide a Declaration from Ms. Hurtado as to what she did with the summons and complaint. The reason is obvious:  Ms. Hurtado dutifully delivered the certified mail envelope which contained the summons and complaint to Mr. Dang, the addressee and CEO of MLI, as that was consistent with her normal job functions and she acknowledged that she delivered it to Dang.

Finally, Plaintiff should be given an opportunity to prove service through Ms. Hurtado, if necessary.  FRCP 4(c)(2) provides that a summons and complaint may be served "by any person who is at least 18 years old and not a party . . .."   Although Ms. Hurtado was an employee of MLI, that does not necessarily make her a "party" for purposes of FRCP 4(c)(2).  As the receptionist, it is unlikely that she is within the control group of MLI and likely does not have the authority to make binding admissions on behalf of MLI under the Rules of Evidence.  Therefore, if she is not considered a "party" and testifies that she delivered the envelope containing the summons and complaint to Mr. Dang, personal service could be established.  Plaintiff concedes that this may be a novel theory, but there appears to be nothing in Rule 4 which would prohibit it.[7]

---

[7]    This Court also should hold that Plaintiff substantially complied with California and Illinois procedure. The California Code of Civil Procedure provides that courts may exercise

## IV.   CONCLUSION

Defendant, MLI, having received delivery of the summons and complaint in this action well over a year ago chose simply to ignore this lawsuit.  MLI received notice of the further proceedings in this case, including Plaintiff's Motion for Default Judgment on Liability, the Court's granting of the same, the hearing on damages, Plaintiff's Expert Report of Damages, and the final judgment.  MLI ignored all of these, acknowledging, however, that it received the final judgment.  MLI then attempted to bury its head in the sand by returning properly addressed mail to DHH's counsel marked "Refused.  Return to Sender."  Only when Plaintiff attempted to

---

jurisdiction on any basis consistent with the California or United States Constitutions.  **Cal. Code C. P.** § 410.10.  Illinois law is the same.  735 ILCS 5/2-209(c).  As stated above, the U.S. Supreme Court long ago approved certified mail as complying with the due process requirements of notice.  California allows service of process on out of state corporations by certified mail and also allows for notice and acknowledgement similar to FRCP 4(d).  **Cal. Code C. P.** § 415.40, 415.30.  Thus, given the actual receipt of the complaint and summons by Defendant, the lack of any constitutional issue with regard to the method of service, and Defendant's subsequent conduct in evading notice and filing a misleading Declaration with this Court, the Court should hold that Plaintiff substantially complied with California service of process rules and deny the motion to vacate. *See also In re Marriage of Wilson*, 150 Ill.App.3d 885, 888, 502 N.E.2d 447, 448 (2d Dist. 1986) ("The object of service of process is to notify a party of pending litigation and thus secure his presence." *citing Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill.App.3d 706, 712, 304 N.E.2d 733.  "In construing the sufficiency of the notice, courts focus not on "whether the notice is formally and technically correct, but whether the object and intent of the law were substantially attained thereby." *In re Marriage of Wilson*, 150 Ill.App.3d 885, 887, 502 N.E.2d 447, 448 (2d Dist. 1986) *citing Fienhold v. Babcock* (1916), 275 Ill. 282, 289-290, 113 N.E. 962; *Conrad v. Conrad* (1946), 329 Ill.App. 33, 37, 66 N.E.2d 738, *aff'd* (1947), 396 Ill. 101, 71 N.E.2d 54. *See also MJS Enterprises, Inc. v. Superior Court* (1984) 153 Cal.App.3d 555, 558 [service of summons statutes "should be liberally construed to uphold jurisdiction where the defendant receives actual notice it is being sued"]; *Cory v. Crocker National Bank* (1981) 123 Cal.App.3d 665, 669 [in context of statute regarding contents of summons served on corporations, "all that is required is substantial compliance in order to render the service of summons on a corporation effective"].)

OPPOSITION TO MOTION TO VACATE JUDGMENT

execute on the judgment, did MLI decide to take any action.  This Court should not endorse MLI's behavior in this case by granting its last-ditch effort to vacate the judgment.  Service of process was sufficient under the broad construction of Fed. R. Civ. Pro. 4, when the defendant receives actual notice.  Additionally, California and Illinois courts both construe the service of process rules broadly when a defendant receives actual notice of the suit.  Plaintiff complied with Rule 4(h)(1)(B) and substantially complied with Rule (4)(d).  Given that California and Illinois courts also look to whether a defendant receives actual notice as a factor and their ability to exercise jurisdiction on any basis consistent with the state and federal constitutions, Plaintiff complied with the spirit of the state procedures as well.  Therefore, the Court should deny MLI's Motion to Vacate.

DATED:  March 22, 2010                        LAW OFFICES OF
                                              MATTHEW C. MICKELSON


                                              By:/s/ Matthew C. Mickelson
                                                 MATTHEW C. MICKELSON
                                                 Attorney for Plaintiff

OPPOSITION TO MOTION TO VACATE JUDGMENT