DAVID L. HOFFMAN State Bar No. 143474)
email: David@DLHpatent.com
Law Offices of David L. Hoffman
28494 Westinghouse Place, Suite 204
Valencia, California 91355
Telephone: (661) 775-0300
Facsimile: (661) 775-9423

STEVEN R. FOX, (State Bar No. 138808)
email: srfox@foxlaw.com
Law Offices of Steven R. Fox
17835 Ventura Blvd., Suite 306
Encino, California 91316
Telephone: (818) 774-3545
Facsimile: (818) 774-3707

Attorneys for Defendant,
MERIDIANLINK, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DH HOLDINGS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> MERIDIANLINK, INC. d/b/a INSIGHT LENDING SOLUTIONS, et. Al., <br><br> Defendant. | **CASE NO. 09cv09117 - ABC** <br><br> MERIDIANLINK'S REPLY BRIEF RE MOTION TO VACATE JUDGMENT <br><br> Date: Monday, April 12, 2010 <br> Time: 10:00 a.m. <br> Ctrm: 680, Hon. Audrey B. Collins <br>     Roybal Federal Building <br>     255 East Temple Street <br>     Los Angeles, CA 90012 |

LAW OFFICES OF DAVID L. HOFFMAN
28494 Westinghouse Place, Suite 204
Valencia, California 91355
Telephone: (661) 775-0300

**Table of Contents**

I. INTRODUCTION………………………………………………………………5

II. DHH'S ARGUMENTS……………………………………………………………6

III. ACTUAL KNOWLEDGE WILL NOT CURE DEFECTIVE SERVICE..7

IV. THERE MUST BE A STATUTE THAT PROVIDES FOR SERVICE BY CERTIFIED MAIL AND HERE THERE IS NONE …………………….8

   A. Under Federal Law, i.e., Rule 4, There Are Limited Situations For Service Using Mail, Which Situations Do Not Apply Here…………………8

   B. Illinois Law Provides That The Court May Order Another Form Of Service; One Cannot Devise One's Own Method Without An Order………9

   C. Under California Law, It Is Also Not Proper To Devise One's Own Method Of Service……………………………………………………………9

V. VIRTUALLY ALL CASES CITED BY DHH DO NOT INVOLVE MAIL ..……………………………………………………………………………………10

VI. THE RECENT U.S SUPREME COURT DECISION IN UNITED STUDENT AID FUNDS V. ESPINOSA DOES NOT RESCUE DHH FROM ITS FAILURE TO EFFECT PROPER SERVICE……………………………12

VII. DHH'S INTERPRETATION OF FRCP 4(h)(1)(B) TO ALLOW "DELIVERY" BY MAIL IS COMPLETELY ERRONEOUS………………..14

VIII. THERE ARE ALSO ALTERNATIVE BASES TO VACATE UNDER FRCP 60(b)(2) AND 60(d), WHICH DHH DOES NOT ADDRESS………….17

IX. DHH'S CASES RE BURDEN OF PROOF DO NOT RESCUE DHH…..17

X. CONCLUSION……………………………………………………………….18

LAW OFFICES OF DAVID L. HOFFMAN
28494 Westinghouse Place, Suite 204
Valencia, California 91355
Telephone: (661) 775-0300

CASES

Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir. 1976)..................................7
Baade v. Price 175 F.R.D. 403 (Dist. D.C. 1997) ...................................................15
Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398 (7th Cir. 1986) ......................6,17
Del Raine v. Carlson, 826 F.2d 698 (7th Cir. 1987) ..................................................7
Delta S.S. Lines, Inc. v. Albano, 768 F.2d 728 (5th Cir.1985) ..................................7
Direct Mail Spec. v. Eclat Computerized Technologies, Inc., 840 F.2d 685 (9th
    Cir.1988)………………………………………………………………...8-9, 10-11
Dunmars v. City of Chicago, 22 F. Supp. 2d 777 (N.D.Ill. 1998). ........................6, 8
Friedman v. Estate of Presser, 929 F. 2d 1151 (6th Cir. 1991) .................................7
Hartford Fire Ins. Co. v. Perinovic, 152 F.R.D. 128 (N.D.Ill. 1993) ......................11
Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) .....................................9
Kitchens v. Bryan County National Bank, 825 F.2d 248 (10th Cir. 1987)................5
Kovalesky v. A.M.C. Assoc. Merchandising Corp., 551 F.Supp. 544 (S.D.N.Y.
    1982).....................................................................................................................15
Miles v. WTMX Radio Network, 2002 WL 1359398 (N.D.Ill. June 20, 2002)....6, 8
Montclair Electronics, Inc. v. Electra/Midland Corp., 326 F.Supp. 839 (S.D.N.Y.
    1971).....................................................................................................................15
Nowell v. Nowell, 384 F.2d 951 (5th Cir. 1967).......................................................11
O.J. Distributing, Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 354 (6th Cir.
    2003).....................................................................................................................15
Omni Capital Int'l v. Rudolf Wolff & Co., LTD., 484 U.S. 97, 104, 108 S.Ct. 404,
    409, 98 L.Ed.2d 415 (1987) ...................................................................................7
Tandy Corp. v. Superior Court, 117 Cal.App.3d 911, 173 Cal.Rptr. 81 (1981)........9
Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscose, 428
    F.Supp. 1237 (S.D.N.Y. 1977)..............................................................................11
Trustees of the Southern California IBEW-NECA Pension Plan v. Sabco Electrique,
    Inc., 2008 WL 4297223 (C.D.Ca. Sept. 15, 2008)...............................................12
Union Asbestos & Rubber Co. v. Evans Prods. Co., 328 F.2d 949 (7th Cir. 1964) .12
United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371(9th
    Cir. 1984)..............................................................................................................10
United Student Aid Funds, Inc. v. Espinosa, 559 U.S. ___(2010) (Slip Opinion,
    March 23, 2010) ...............................................................................................12-14
Vandyke v. Northern Leasing, 2009 WL 1396193 (E.D.Cal. May 14, 2009) ...14, 15
Woodworth v. Subprime Lenders, Inc., 2008 WL 5054687 (D.Idaho June 11,
    2008).................................................................................................................14-15

STATUTES

735 ILCS 5/2-203.1 (2010) ........................................................................................9

Ill.Rev.Stat. ch. 110, 2-209 (1985)………………………………..……..……….17
Cal. Code Civil Procedure §§415.40, 415.30 ............................................................9
Cal.Code Civil Proc. §415.20 ..................................................................................12

RULES

F.R.Civ.P. 4.............................................................................................................18
F.R.Civ.P. 4(d).........................................................................................................8
F.R.Civ.P. 4(h)(1) ....................................................................................................11
F.R.Civ.P. 4(h)(1)(B)…………………………………………………………..8, 13, 14
F.R.Civ.P. 60(b)(2), (4), and (d) ..................................................................... 6, 17-18
F.R.Civ.P. 60(b)(4) ........................................................................................ 12-14, 17-18

TREATISES
Moore's Federal Practice Third Edition, Vol. 1, §§4.90 - 4.94 (2009)………...….14

LAW OFFICES OF DAVID L. HOFFMAN
28494 Westinghouse Place, Suite 204
Valencia, California 91355
Telephone: (661) 775-0300

TO THE PLAINTIFF AND ITS ATTORNEYS OF RECORD:

## I. INTRODUCTION

DH HOLDINGS, LLC's ("DHH" or "Plaintiff"), in its Opposition, contends: service was effected under FRCP 4 (not state law) based on the faulty premises that actual notice is enough; And, there is enough circumstantial evidence to conclude that Mr. Dang, CEO of MERIDIANLINK, INC. ("MeridianLink" or "Defendant") received the summons and complaint, without regard to whether DHH complied (or even substantially complied) with a proper method of service. The Opposition fails to identify any statute under which service would have been properly made, save for a minor technicality. The Opposition fails to address Defendant's alternative grounds under which to vacate the judgment. DHH also hinges its Opposition on an incorrect interpretation of "delivering" under FRCP 4, and in particular, FRCP 4(h)(1)(B).

The primary cases cited in the Opposition all involve service under a proper statutory procedure, where service was personally performed and contained only a minor defect or where the Defendant tried to argue contested facts years later. Here, DHH does not even come close to substantial compliance. DHH followed a flawed procedure <u>from the start</u>.

Plaintiff's only possibly relevant cited case for service via certified mail, <u>Kitchens v. Bryan County National Bank</u>, 825 F.2d 248 (10th Cir. 1987), is not relevant. That suit involved attempted service by certified mail, a service method expressly sanctioned by Oklahoma law. Moreover, in <u>Kitchens</u>, the person who actually signed for the service of process was <u>the Defendant's president</u>, an officer of the Defendant bank. Furthermore, the Bank <u>actually showed up and defended the action on the merits</u>. There was a jury trial.

In contrast, to allow service on Defendant to be considered made under the circumstances here would render service of process statutes virtually meaningless.

**M**ERIDIAN**L**INK'S REPLY BRIEF RE MOTION TO VACATE JUDGMENT    5 | P a g e

MeridianLink's motion under F.R.Civ.P. 60(b)(2), (4), and (d) to quash or vacate the judgment should be granted. Plaintiff's careless selection of its own self-created method of service should not be rewarded. Plaintiff could have paid a process server to deliver service of process in accordance with the statutory requirements.

## II. DHH'S ARGUMENTS

First, DHH asserts that the Burden of Proof on this Motion falls on MeridianLink. However, the case law DHH cited is irrelevant. That case law applies when there is a factual dispute as to the jurisdiction asserted such as whether or not MeridianLink was "transacting business" in Illinois.[1]

Second, DHH argues that service under FRCP 4 was proper because "delivering" does not require personal delivery. However, that position is completely opposite to the case law.[2]

Third, DHH argues that whether or not the service of process was properly achieved in accordance with a statute does not matter because Mr. Dang, an officer of MeridianLink, had actual notice. However, there is no law or case that supports the proposition that you do not have to serve in accordance with a statute as long as actual notice is achieved. To the contrary, there has to be service in accordance with a statute, and there has to be substantial compliance. Only in those

---

[1] See Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398 (7th Cir. 1986) (Opposition, p. 9)(Seventh Circuit held that where Defendants' attempted to void a judgment under FRCP 60(b)(4) four years later, Defendants had burden of proof on the disputed factual issue as to whether or not Defendants transacted business in Illinois.)

[2] A mailing does not constitute "delivery" as required by Rule 4. Miles v. WTMX Radio Network, 2002 WL 1359398 (N.D.Ill. June 20, 2002); Dunmars v. City of Chicago, 22 F. Supp. 2d 777, 781 (N.D.Ill. 1998).

LAW OFFICES OF DAVID L. HOFFMAN
28494 Westinghouse Place, Suite 204
Valencia, California 91355
Telephone: (661) 775-0300

circumstances, actual notice will help carry the day. A complete failure to serve in accordance with a statute is not saved by actual notice.

### III.  ACTUAL KNOWLEDGE WILL NOT CURE DEFECTIVE SERVICE

DHH's recurring and primary argument is that Mr. Dang had actual knowledge of the suit and therefore service was achieved. However, actual knowledge is not a cure for defective service. Friedman v. Estate of Presser, 929 F.2d 1151, 1155 (6th Cir. 1991). The United States Supreme Court has expressly stated that there has to be more than just notice to invoke jurisdiction:

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied….[T]here must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum.

Omni Capital Int'l v. Rudolf Wolff & Co., LTD., 484 U.S. 97, 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987)(In a Commodity Exchange Act action, trial court was not allowed to approve its own nonstatutory method of service and thus expand service of process provisions beyond what Congress had authorized.)

The Sixth Circuit and other circuits agree. Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir. 1976) ("[D]ue process requires proper service of process in order to obtain in personam jurisdiction."); Delta S.S. Lines, Inc. v. Albano, 768 F.2d 728, 730 (5th Cir.1985) (A defendant's return and acknowledgment are an essential part of the procedure for establishing in personam jurisdiction). The requirement of proper service of process "is not some mindless technicality." Del Raine v. Carlson, 826 F.2d 698, 704 (7th Cir. 1987). In spite of actual receipt, service by mail without sending and receiving an acknowledgement, was not service of process. Friedman v. Estate of Presser, 929 F. 2d 1151 (6th Cir. 1991).

**M**ERIDIANLINK'S REPLY BRIEF RE MOTION TO VACATE JUDGMENT    7 | P a g e

## IV. THERE MUST BE A STATUTE THAT PROVIDES FOR SERVICE BY CERTIFIED MAIL AND HERE THERE IS NONE

A. <u>Under Federal Law, i.e., Rule 4, There Are Limited Situations For Service Using Mail, Which Situations Do Not Apply Here.</u>

Under Rule 4(d), a waiver of service can be requested by mail but DHH does not aver that it followed this procedure. Nor does DHH allege that Defendant waived service.

Under Rule 4(h)(1)(B), a summons and complaint must be personally delivered, and sometimes it must be mailed <u>in addition to the personal delivery to be effective</u>. Mail alone (without an acknowledgement) is not authorized by this provision. Under Rule 4, a non-U.S. corporation may be served using certified mail in some circumstances. Here, however, MeridianLink is located in the U.S., i.e., in California.

DHH argues in its Opposition that Rule 4(h)(1)(B) allows service by certified mail because it argues "delivering" encompasses certified mail. Case law does not support this argument. To the contrary, a mailing does not constitute "delivery" as required by Rule 4. <u>Miles v. WTMX Radio Network</u>, 2002 WL 1359398, *3-*5 (N.D.Ill. June 20, 2002)(copy submitted with Hoffman Declaration in Support of Motion to Vacate, Ex. F, Dkt 10-3, p. 25); <u>Dunmars v. City of Chicago</u>, 22 F. Supp. 2d 777, 781 (N.D.Ill. 1998).

That mail or certified mail is not the same as "delivering" under Rule 4 is evident because Rule 4 specifically provides for mail in certain circumstances that are not applicable here, as noted above.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." <u>Direct Mail Spec. v.</u>

LAW OFFICES OF DAVID L. HOFFMAN
28494 Westinghouse Place, Suite 204
Valencia, California 91355
Telephone: (661) 775-0300

Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir.1988); see also Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982).

### B. Illinois Law Provides That The Court May Order Another Form Of Service; One Cannot Devise One's Own Method Without An Order.

Illinois statutes provide for Court-ordered service by another form, 735 ILCS 5/2-203.1 (2010), so it is clear that service by certified mail without a court order is not authorized. DHH could have sought a court order, but did not.

### C. Under California Law, It Is Also Not Proper To Devise One's Own Method Of Service.

In California, service cannot be effected by certified mail, except for certain statutes that allow it, e.g., on a person or company located outside of California. DHH, in footnote 7 (Opposition, pp. 18-19) mentions Cal. Code Civil Procedure §§ 415.40 and 415.30. California has not approved service by certified mail on a company located within California. DHH asks this Court to rewrite California law to make up for DHH's failure to select a proper method of service.

This is not a case like those which DHH cites, where personal service was selected, a proper method, and the issue is did the recipient have proper authority to receive it. This is a case where DHH invented its own, improper method of service, and wants this Court to make up for that by rewriting the statutes for service of process. Tandy Corp. v. Superior Court, 117 Cal.App.3d 911, 913, 173 Cal.Rptr. 81 (1981) (service by certified mail not service where a signed acknowledgment form has not been executed and returned pursuant to California Code of Civil Procedure Sec. 415.30).

## V. VIRTUALLY ALL CASES CITED BY DHH DO NOT INVOLVE MAIL

Even assuming for purposes of argument that Mr. Dang did have actual receipt of the summons and complaint at some point in time as a result of that mailing (but see, MeridianLink's Evidentiary Objections submitted concurrently herewith), that is not a cure for service by a non-statutory method. The Opposition, at pp. 11 et seq., cites several cases that it asserts support service of process in the non-statutory manner that DHH selected, but these cases do not. They do not even support the proposition that actual notice would cure in a situation where service of process is mailed, but there was no statutory provision for that. In all of these cases, it appears that process was delivered personally, and there is no doubt that the right person received actual notice. There was only some question as to whether or not the recipient was authorized to receive the personal service, or some other technical defect. In all the cases, there was also no question that the right person received the summons and complaint immediately after service.

For example, DHH cites United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371 (9th Cir. 1984). In that case, all that was disputed was the validity of the summons issued by the district court. The summons set forth ten (10) days to respond instead of twenty (20) days. This single technical defect was overlooked, especially since Defendant appeared in the action. Id. ("Alpha Beta answered the petition and argued its case before both the district court and this court.")

Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F. 2d 685 (9th Cir. 1988) is likewise inapposite. There, Defendant argued it was not properly served, but Defendant negotiated settlement through its counsel on or about the day it was served. Moreover, Defendant also argued that it had appeared in the action and so no default could be taken. Id.

In the <u>Direct Mail</u> case, the defendant Eclat's receptionist was <u>personally served</u>. Eclet was a small company and the receptionist was the only employee there when the process server arrived. Defendant engaged in settlement discussions with the Plaintiff on the very same day or within a day after being served, and in such negotiations Defendant had a lawyer. <u>Id</u>. Given that service followed a statutory process, i.e., was by personal delivery, actual receipt of the summons and complaint was a factor in overcoming a very minor possible defect in the process.

<u>Nowell v. Nowell</u>, 384 F.2d 951 (5th Cir. 1967) is also of no assistance to DHH. There service was personally delivered, and given to an apartment building manager. Shortly after service, the Defendant who lived in the apartment complex actually appeared in the action to contest service. The manager resided in a building in the complex but the building was physically distinct from Defendant's building. The sole issue was whether the manager resided in the same or a different building. Given that both buildings were in the same apartment complex merely separated by an alley, the Court found service. <u>Id</u>.

<u>Hartford Fire Ins. Co. v. Perinovic</u>, 152 F.R.D. 128 (N.D.Ill. 1993) is also inapplicable here. In that case, there was personal delivery to a doorman at Defendant's residence. The doorman had even affirmatively stated that he was authorized to receive legal documents for the Defendant. <u>Id</u>.

Similarly, <u>Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscose</u>, 428 F.Supp. 1237 (S.D.N.Y. 1977) does not help DHH. There, the United States Marshal personally served process on Ms. Curry at the company defendant. The sole argument for improper service was that the recipient, Ms. Curry, was secretary to Mr. Mandukich, the only other person who worked in that office. Given that Ms. Curry was the only other person there, had substantial responsibilities, and that the Marshal specifically noted that Ms. Curry was in charge of the Defendant's office when he arrived, service was proper. <u>Id</u>.

<u>Union Asbestos & Rubber Co. v. Evans Prods. Co.</u>, 328 F.2d 949 (7th Cir. 1964) likewise will not rescue DHH's improper service. In this case, service of process was apparently made by personal service on a secretary to a Mr. Veague (Defendant's sales manager in the Chicago office). The evidence showed that Veague was out of the office about 75 to 80 percent of the time, and that the summons was communicated immediately, at Veague's direction, to the company's home office. It is also noted that Defendant appeared in the action, although the Court does not appear to consider that as a factor. <u>Id</u>.

<u>Trustees of the Southern California IBEW-NECA Pension Plan v. Sabco Electrique, Inc.</u>, 2008 WL 4297223 (C.D.Ca. Sept. 15, 2008) does not support DHH. Service there was pursuant to FRCP 4(h)(1) using California state law for substituted service. Service was made by personally leaving a copy at the business with the person, Ms. Zaragoza, apparently in charge, and thereafter mailing a copy by first class mail. Cal.Code Civil Proc. 415.20. The Court stated that since she appeared to be in charge, service was proper. <u>Id.</u>, at *2. In contrast, here DHH did not attempt personal service at all. Ms. Hurtado is not in charge of MeridianLink's ninty plus employee company, and there is no evidence that she appeared to be in charge.

In any event, none of these cases purport to accept certified mail service.

<u>VI. THE RECENT U.S SUPREME COURT DECISION IN UNITED STUDENT AID FUNDS V. ESPINOSA DOES NOT RESCUE DHH FROM ITS FAILURE TO EFFECT PROPER SERVICE</u>

Counsel for Defendant has a duty to bring to the Court's attention cases that are on point and controlling. While Counsel does not consider <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. ___(2010) (Slip Opinion)(Reply Decl. of Hoffman, Ex. 3) to be on point and controlling, it could be relevant to the Court. This case, decided just this past Tuesday, March 23, 2010, involved a bankruptcy

proceeding. United, a creditor, had filed a proof of claim for student loans to the bankruptcy court. During the course of the bankruptcy, the issue of whether or not the student loans could be discharged came up. Under the circumstances of that case, i.e., Bankruptcy Rule 7004 required that a summons and complaint be served on the student loan holder, United, even though United had been listed as a creditor and filed a proof of claim. The summons and complaint were not served.

Although United claimed that it was not properly served, the critical fact present there was that United had appeared in the bankruptcy proceeding by filing a Proof of Claim. (See pp. 3 and 13 of the Slip Opinion). Accordingly, the Supreme Court found that United had submitted itself to jurisdiction. "United therefore forfeited its arguments regarding the validity of service or the adequacy of the Bankruptcy Court's procedures by failing to raise a timely objection in that court." (Id. at pp. 13-14 of the Slip Opinion).

In contrast, in the instant action, MeridianLink filed nothing with the District Court in Illinois. Moreover, the United Student Aid Funds case actually supports MeridianLink's motion to vacate, in as much as the Supreme Court notes that FRCP 60(b)(4) applies where there was lack of even an arguable basis for jurisdiction (first full paragraph at page 9 of the Slip Opinion). The Supreme Court distinguishes such cases by saying "This case presents no occasion to engage in such an 'arguable basis' inquiry or to define the precise circumstances in which a jurisdictional error will render a judgment void because United does not argue that the Bankruptcy Court's error was jurisdictional." Id. Accordingly, United Student Aid Funds simply does not apply here.

Further, in United Student Aid Funds, (Slip Opinion, page 10), unlike the case at bar, United conceded that the bankruptcy court had jurisdiction to enter the order confirming the plan. Therefore, the bankruptcy court had jurisdiction to do something in the proceeding. Here, the Illinois Federal Court had no jurisdiction without proper service of process on MeridianLink.

The Supreme Court noted: "Accordingly, <u>on these facts</u>, Espinosa's failure to serve a summons and complaint does not entitle United to relief under Rule 60(b)(4)." <u>United Student Aid Funds</u>, Slip Opinion, p. 10 (emphasis added).  The Supreme Court stated "We are not persuaded that a failure to find undue hardship in accordance with §523(a)(8) is on par with the jurisdictional and notice failings that define void judgments that qualify for relief under Rule 60(b)(4)."  Slip Opinion, p. 11 (<u>see</u> the sentence after that as well).

To read <u>United Student Aid Funds</u> in any other way would allow a party to always devise its own method of service, and if it can somehow get a court to act, and the other side had actual notice, a party that was never served cannot challenge a judgment or order under FRCP 60(b)(4).  <u>United Student Aid Funds</u> does not so hold and any attempt to construe it in that fashion would be contrary to the long line of authority mandating that service of process follow procedures outlined in applicable statutes.  <u>See</u> also the discussion <u>in Moore's Federal Practice Third Edition,</u> Volume 1, §§ 4.90 – 4.94 (2009) outlining the available options for service of process, none of which include DHH's self-created, unauthorized method of service by certified mail.

### VII.  DHH'S INTERPRETATION OF FRCP 4(h)(1)(B) TO ALLOW "DELIVERY" BY MAIL IS COMPLETELY ERRONEOUS

DHH argues that "delivering" in Rule 4(h)(1)(B) includes "delivering" by certified mail (by the postal service).  (Opposition, pp. 15, et seq.)  However, DHH's interpretation is erroneous.  Recent case law in the Ninth Circuit makes this clear.  <u>Woodworth v. Subprime Lenders, Inc.</u>, 2008 WL 5054687 (D.Idaho June 11, 2008) and <u>Vandyke v. Northern Leasing</u>, 2009 WL 1396193, *4 (E.D.Cal. May 14, 2009) (Reply Decl. of David Hoffman, Exs. 1 and 2.)  In <u>Woodworth</u>, the plaintiff alleged to have served under FRCP 4(h)(1)(B) by mailing to the corporation.  Even assuming the papers were received, that was insufficient for

**M**ERIDIANLINK'S REPLY BRIEF RE MOTION TO VACATE JUDGMENT    14 | P a g e

service. Woodworth v. Subprime Lenders, Inc., 2008 WL 5054687, *4. The court cited Baade v. Price 175 F.R.D. 403, 405 (Dist. D.C. 1997) for the proposition that service on a receptionist is insufficient, regardless of whether there is actual notice, and that there must be strict compliance with FRCP 4(h)(1)(B). Id. By contrast, service may be achieved when delivery is to a person of such authority and position that it is likely he or she will know what to do with the papers that have been received. Such person is deemed a "managing or general agent" for purposes of Rule 4(h)(1)(B). Montclair Electronics, Inc. v. Electra/Midland Corp., 326 F.Supp. 839, 842 (S.D.N.Y. 1971).

In the Vandyke case, the Court held that service was not proper under FRCP 4(h)(1)(B) unless personally delivered to the agent for service of process, or personally delivered to the company and followed up with a mailed copy under the applicable (California) state law for substituted service (CCP 415.20(a)). Vandyke v. Northern Leasing, 2009 WL 1396193, *4 (E.D.Cal. May 14, 2009).

Attempted service on less responsible employees does not constitute proper service on the business entity. Kovalesky v. A.M.C. Assoc. Merchandising Corp., 551 F.Supp. 544, 546 (S.D.N.Y. 1982)(service on receptionist insufficient); O.J. Distributing, Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 354 (6th Cir. 2003)(receptionist not authorized to sign for overnight delivery of mail containing summons and complaint).

Here, there has been no showing that Ms. Hurtado, MeridianLink's receptionist, was in any way authorized to receive a summons and complaint by mail (or otherwise). Actual notice cannot cure that fatal flaw, even if one could somehow cure the fatal flaw of attempted service by certified mail.

There is no dispute that the receptionist, Ms. Hurtado, has never been authorized to receive service of process. Decl. of B. Dang in Support of Motion to Vacate, para. 3, dkt no. 10-2 ("Meridianlink has never authorized Ms. Hurtado to receive service of process.")

DHH's case for service of process (even assuming for purposes of argument that sending a certified mail could be okay) rests on the statement in the declaration of E. Zaknoen that to the best of his recollection, he called Ms. Hurtado and she said something to the effect that Mr. Dang "got it."  A fallacy of this purported service is that a return of service when a summons and complaint are delivered is filled out by the person who actually served the papers on the recipient.  Here, Mr. Zaknoen attempts to skip over the firsthand knowledge requirement by trying to turn Ms. Hurtado's alleged statement (to the effect that Mr. Dang "got it") into the same as a process server's declaration based on firsthand knowledge that the proper recipient (agent for service or officer) was handed the summons and complaint.[3]

By contrast, Plaintiff DHH's counsel completely ignored the statutes for service of process necessary to invoke jurisdiction of the federal court, then submitted a proof of service purporting to serve by certified mail, and purporting that the certified mail was to the agent for service of process, but it was not.

The return of service, filled out under oath, also lists the date of service as September 22, 2009.  That is the date stated on the return receipt from the post office.  But, that is not in any way a reliable indicator as to what date, if at all, the summons and complaint may have made it into Mr. Dang's hands.  Mr. Zaknoen's return of service under oath indicating the date of service is really a guess, and not based on firsthand knowledge.

---

[3] Furthermore, Ms. Hurtado's statement is hearsay and Mr. Zaknoen's recounting of it is vague and conclusory.  (See, MeridianLink's Evidentiary Objections).  DHH's Opposition asserts that Mr. Dang, somehow and at some point, became aware of the suit but did not take action ("Mr. Dang simply chose to ignore the lawsuit entirely").  Whether subsequent pleadings and motion papers from the suit were mailed to Mr. Dang is not relevant.

**M**ERIDIAN**L**INK'S REPLY BRIEF RE MOTION TO VACATE JUDGMENT    16 | P a g e

### VIII. THERE ARE ALSO ALTERNATIVE BASES TO VACATE UNDER FRCP 60(b)(2) AND 60(d), WHICH DHH DOES NOT ADDRESS

Here, DHH submitted a return of service under oath that it served process properly by certified mail, yet there was no statutory provision for certified mail. Moreover, DHH's counsel expressly averred that the service was on the agent for service of process, but it was not. There is no question that there was fraud, mistake and/or inadvertence involved, and therefore the judgment is to be set aside on that basis as well under FRCP 60(b)(2) and/or (4).

### IX. DHH'S CASES RE BURDEN OF PROOF DO NOT RESCUE DHH

The authorities DHH cites on burden of proof issues do not change the result or otherwise rescue DHH from its entire failure to have served MeridianLink in a manner authorized by the Federal Rules of Civil Procedure or any Illinois or California statute. For example, DHH cites Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398 (7th Cir. 1986) (Opposition at p. 9). In Bally, the defendants sought to void a judgment under FRCP 60(b)(4) four years later arguing that there was no personal jurisdiction because they did not transact business in Illinois. The Seventh Circuit held that defendants had the burden of proof on that factual issue, because allegations of transacting business were submitted by Bally in the original action. That fact pattern has no application here.[4]

---

[4] The Bally case was about whether "Balicar and Juliano fell within the 'transacting business' clause of the Illinois long-arm statute, Ill.Rev.Stat. ch. 110, § 2-209 (1985)," not about whether one could effect service by certified mail. The case does not stand for the proposition that one need not worry that the statute requires transacting business within the state, if one can show that the Defendants knew about the suit. In fact, Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398 (7th Cir. 1986) actually stands for the proposition that the Court must grant relief from the judgment "when the rule 60(b)(4) motion alleges that 'the underlying judgment is void because the court lacked personal or subject matter jurisdiction.'" (Citing various Courts of Appeal for proposition that it is an abuse of discretion not to grant such relief).

MeridianLink and DHH do not dispute the following: That Ms. Hurtado was not authorized to receive process and that she was not authorized to speak on behalf of the company with respect to process.

## X.  CONCLUSION

Under F.R.Civ.P. 4, and applicable state laws, service of process was clearly inadequate.  Accordingly, the judgment is void and MeridianLink prays for:

(1) An Order under F.R.Civ.P. 60(b) and (d), and pursuant to this Court's inherent equitable power, to quash or vacate the judgment registered by Plaintiff/Judgment Holder DH HOLDINGS, INC ("DHH"), for lack of personal jurisdiction, for mistake, misleading the Court, for fraud, and because the judgment is void, all sufficient reasons that the judgment is void; or

(2) In the alternative, if for any reason the Court declines to vacate the judgment, an Order to stay the writ of execution and all other enforcement steps taken by DHH to enforce the judgment, including directing the United States Marshal to retain any and all funds and property obtained pursuant to the writ of execution or other enforcement steps, for a period of at least 90 days so that ML can move in the United States District Court for the Northern District of Illinois to vacate the Illinois judgment; and

(3) For such other and further relief as may be just and proper.

Dated: March 29, 2010          DAVID L. HOFFMAN
Law Offices of David L. Hoffman

By:_____/David L. Hoffman/_____

David L. Hoffman, Esq.

Attorneys for Defendant, MERIDIANLINK, INC.

MERIDIANLINK'S REPLY BRIEF RE MOTION TO VACATE JUDGMENT     18 | P a g e